# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Kim Lisa Heath,

        Plaintiff

v.

United States of America,

        Defendant

Case No. 2:24-cv-00155-CDS-BNW

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 13]

      Defendant United States of America filed the pending motion to dismiss and strike (ECF No. 13) parts of plaintiff Kim Heath's first amended complaint (FAC) (ECF No. 6). Heath seeks to recover under the Federal Tort Claims Act (FTCA) for an injury suffered at a United States Department of Veterans Affairs hospital in January 2022. ECF No. 6 at 2–3. Heath specifically makes claims for both negligence and negligent inspection and warning, and seeks to recover general damages, special damages, the cost of the lawsuit, attorney's fees, and prejudgment interest. ECF No. 6 at 4–6. The United States seeks dismissal of the negligent inspection and warning claim, as well as the prayers for relief of attorney's fees and prejudgment interest. Heath responded to the motion (ECF No. 14[1]) and the United States submitted a reply (ECF No. 15), so the motion is now fully briefed. Because the claims are duplicative, the United States's motion to dismiss Heath's negligent inspection and warning claim is granted. Additionally, her prayers for attorney's fees and prejudgment interest are dismissed.

---

[1] According to the local rules, filings to the court "must be in a searchable Portable Document Format (PDF)[.]" LR IC 2-2(a)(1). Heath's FAC and response are both not searchable. Heath is cautioned that future submissions that violate the local rules may not be considered.

## I. Discussion

### A. Heath's negligence claims

Heath raises two causes of action in her complaint: (1) negligence and (2) negligent inspection and warning. ECF No. 6 at 3–4. Her negligence claim is premised, at least in part, on the assertion that "Defendant owed Plaintiff duties to . . . maintain, inspect the premises . . . and to further eliminate and warn Plaintiff of hazard on Defendant's property[.]" *Id.* at 3. Heath likewise alleges that "Defendant . . . breached their duties, and created and subjected Plaintiff to a hazardous condition, of which Defendant failed to warn Plaintiff[,]" "Defendant breached its duty of care by failing to remove the trip hazard . . . or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition[,]" and that "as a direct and proximate result of Defendant, Plaintiff incurred personal injuries . . . and general damages[.]" *Id.* at 4.

In her second cause of action, Heath alleges that "Defendant owed Plaintiff . . . a duty to inspect the premises . . . and failed to warn the Plaintiff of the dangerous condition, to Plaintiff's determined and damages[,]" "Defendant's failure to inspect and warn was a proximate cause of the injuries and damages[,]" and that "as a direct and proximate result of the negligent of the Defendant, Plaintiff incurred personal injuries . . . and general damages[.]" *Id.* at 4–5.

Under the FTCA, the United States is vicariously liable for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The United States argues that the second cause of action is unnecessary because the negligence cause of action already encompasses the four elements required to prove negligence under the FTCA: duty, breach, causation, and damages. ECF No. 13 at 4–5. It argues that Heath's second cause of action is made up of theories of negligence under the negligence claim. *Id.* at 5. In response, Heath, despite raising only two causes of action in her complaint, insists in her response that there are actually *three* causes of action: negligence, negligent inspection, and negligent warning. ECF No. 14 at 4. She argues that, under *Tripodi v. Fero*, the FTCA permits the bringing of state-law tort claims and

the elements for negligence, negligent inspection, and negligent warning are distinct under Nevada law. ECF No. 14 at 5–6 (citing 2024 U.S. App. LEXIS 7117, at *1 (9th Cir. Ariz. Mar. 26, 2024)).

Heath is correct that "[t]he FTCA 'allows a plaintiff to bring certain state-law tort suits against the Federal Government.'" *Tripodi*, 2024 U.S. App. LEXIS 7117 at *1 (quoting *Brownback v. King*, 592 U.S. 209, 210 (2021) and citing 28 U.S.C. §§ 1346(b)(1), 2674)). And "'substantive law of the place where the act or omission complained of occurred' governs FTCA claims." *Id.* (quoting *Yako v. United States*, 891 F.2d 738, 745 (9th Cir. 1989) and citing 28 U.S.C. § 1346(b)(1)). However, Nevada law recognizes negligent failure to warn and negligent inspection as theories of negligence, not claims unique from "negligence" generally. *See Sims v. Gen. Tel. & Elecs.*, 815 P.2d 151 (Nev. 1991), *overruled on other grounds*, *Tucker v. Action Equip. & Scaffold Co.*, 951 P.2d 1027 (Nev. 1997) (repeatedly describing a negligent failure to warn claim as negligence and applying the general negligence factors to its analysis); *Bahrampour v. Sierra Nev. Corp.*, 502 P.3d 185, at *2 (Nev. App. 2022) (describing failure-to-warn as a "theory of negligence"); *Calloway v. City of Reno*, 939 P.2d 1021 (Nev. 1997), *reh'g granted, opinion withdrawn on other grounds*, 971 P.2d 1280 (Nev. 1998), *and on reh'g*, 993 P.2d 1259 (Nev. 2000) (describing plaintiff's negligent inspection claim as a "theor[y] of negligence").

As discussed above, Heath's general negligence claim includes allegations that the United States of America was negligent, in part, for its failure to reasonably warn and its failure to reasonably inspect. "It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). Seeing as Heath's negligent inspection and negligent warning "claims" fall under the negligence claim, I find that they are duplicative and therefore dismiss her "second cause of action" as it is raised in Heath's FAC. ECF No. 6 at 4.

1    Heath requests leave to amend her complaint to include in the first cause of action
2 (Negligence) allegations of the failure to inspect and failure to warn to "ensure these factual
3 grounds for negligence continue in this case." ECF No. 14 at 6. I find that amendment here is
4 appropriate. Because Heath alleges a "willful and conscious disregard" in her second cause of
5 action that she does not allege in her first, she is granted leave to amend her FAC to incorporate
6 those additional arguments from her second cause of her action into her first.

### B. Heath's prayers for relief

8    The United States argues for dismissal of Heath's prayers for attorney's fees and
9 prejudgment interest. ECF No. 13 at 5. Specifically, it argues that Congress has not waived the
10 government's sovereign immunity for attorney's fees in FTCA cases. *Id.* (citing *Anderson v. United*
11 *States*, 127 F.3d 1190, 1191–92 (9th Cir. 1997)). It argues that instead of allowing an award of
12 attorney's fees, Congress permitted that no more than twenty-five percent of any FTCA
13 judgment or settlement award could go toward attorney's fees. *Id.* (citing 28 U.S.C. § 2678).

14    In response Heath argues that Nevada citizens have a substantive right to "bring and
15 acquire" attorney's fees recognized by the Ninth Circuit. ECF No. 14 at 8. In support of her
16 contention, Heath cites to a U.S. Supreme Court case, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,[2]
17 to argue that the "Ninth Circuit" asserted that "state law denying the right to attorney's fees or
18 giving a right thereto, which reflects a substantial policy of the state, should be followed." 421
19 U.S. 240, 259 n.31 (1975). Heath acknowledges that the *Alyeska Pipeline* opinion applies to
20 diversity cases, of which this is not, but argues that "this case is used to show that there is not a
21 conflict because state law will apply, as further stated." ECF No. 14 at 8 n.6. Not only does the
22 Supreme Court in *Alyeska Pipeline* explain that a diversity case presents "[a] very different
23 situation" than a federal question case, but it also specifically discusses the FTCA in a manner
24 very unfavorable to Heath's position. 421 U.S. at 259 n.31, 267 n.42. The Supreme Court states at

---

[2] Although this court is no stranger to typographical errors, nor does it decide cases based on the number of errors, Heath's brief—and relatedly, the complaint—was particularly challenging to decipher due to the high number of errors.

length how the FTCA of 1946 explicitly prohibited payment of additional attorney's fees. *Id.* at 267 n.42. As is further discussed in *Anderson*, "[t]he FTCA does not contain an express waiver of sovereign immunity for attorneys' fees and expenses." 127 F.3d at 1191. Thus, in accordance with *Alyeska Pipeline*, Heath is not entitled to separate attorney fees under the FTCA.

Additionally, prejudgment interest is statutorily prohibited in tort claims against the United States under 28 U.S.C. § 2674 (In tort actions, "[t]he United States . . . shall not be liable for interest prior to judgment or for punitive damages."). Heath's prayers for relief for attorney's fees and prejudgment interest are therefore dismissed.[3]

## II. Conclusion

IT IS THEREFORE ORDERED defendant's motion to dismiss the second cause of action and the prayers of relief for attorney's fees and prejudgment interest **[ECF No. 13] is GRANTED without prejudice and with leave to amend**. If Heath chooses to file a second amended complaint, she must do so no later than February 5, 2025.

Dated: January 22, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] The United States also raises an issue regarding the sovereign immunity bar on jury trials in FTCA cases. Because this issue was raised only in the United States' reply, I do not address it further. *See Leisure Concepts, Inc. v. California Home Spas, Inc.*, 2015 WL 12520975, at *2 (E.D. Wash. Apr. 22, 2015) (Movant "may not raise a new issue in its reply brief.").

5